# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY O. SMITH, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 13-CV-0269-CVE-TLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|        **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is the magistrate judge's Report and Recommendation (Dkt. # 31) recommending that the Court reverse and remand the Commissioner's decision to deny plaintiff Jeffrey O. Smith's claim for disability benefits. The magistrate judge found that the administrative law judge (ALJ) did not sufficiently explain why she gave no weight to certain opinions offered by plaintiff's treating physician and, even though other evidence could support the ALJ's decision, the magistrate judge recommended that the case be remanded for further administrative proceedings. Defendant objects to the magistrate judge's report and recommendation and argues that it would be a waste of resources to remand this case. Dkt. # 33. Plaintiff has filed a response to defendant's objection and requests that the magistrate judge's report and recommendation be accepted as entered. Dkt. # 36.

**I.**

On November 10, 2009, plaintiff applied for disability benefits from the Social Security Administration and he alleged a date of onset of disability of August 5, 2009.[1] Dkt. # 13-5, at 2. Plaintiff's claim was initially denied on May 25, 2010 and on reconsideration on August 21, 2010. Dkt. # 13-3, at 2-3. Plaintiff requested a hearing before an ALJ and a hearing was set for September 13, 2011. Plaintiff appeared for the hearing and he was represented by counsel. Dkt. # 13-2, at 34. Plaintiff testified that he was formerly employed as a carpet layer helper and the work involved heavy lifting and moving furniture. Id. at 37. He claimed that pain in his lower back and hips was the primary reason he could not return to his former employment, but plaintiff also identified mental limitations, such as depression, that prevented him from working. Id. at 40-41. Plaintiff testified that his left knee was injured and he walked with a limp, and he suffers from numbness in his left hand. Id. at 41. Plaintiff claimed that he could sit or stand for about 15 minutes before experiencing pain in his left side, and that he normally spent at least four hours out of the average eight hour work day lying down, rather than sitting or standing. Id. at 44, 46. Plaintiff was taking Dilantin to control seizures but the evidence was unclear as to how often he claimed to have seizures before he began taking the medication. Id. at 47. He testified that he downplayed the severity of his seizure disorder to avoid embarrassment and to keep his driver's license. Id. at 47-48. Plaintiff also testified that he may need a total knee replacement of his left knee, but he had not met with his physician to review the results of x-rays. Id. at 54-55. The ALJ called a vocational expert, Cheryl Mallon, to

---

[1] The Court will not attempt to provide an overview of the entire administrative proceedings and the administrative record. The magistrate judge's report and recommendation contains a thorough summary of the proceedings and the parties have not objected to his summary. The Court will offer a brief summary of the facts relevant to defendant's objection to the report and recommendation.

2

testify about the jobs available in the region. Id. at 55. Plaintiff's attorney asked Mallon to review a residual functional capacity (RFC) form completed by Martin Davis, D.O., identified as a treating physician of plaintiff, and Mallon testified that plaintiff could not perform any type of employment with the limitations noted by Dr. Davis. Id. at 59-60.

The ALJ issued a written decision denying plaintiff's claim for disability benefits. The ALJ found that plaintiff had not engaged in substantial gainful activity since November 4, 2009. Id. at 21. Plaintiff had severe impairments of "degenerative disc disease, degenerative joint disease, seizures, major depressive disorder, generalized anxiety disorder and pain disorder." Id. However, none of the impairments or combination of impairments met or exceeded the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ found that plaintiff had the RFC to:

> perform light work as defined in 20 CFR 416.967(b). Specifically, he is able to occasionally lift and/or carry twenty pounds and frequently lift or carry ten pounds. He is able to stand and/or walk for six hours in an eight-hour workday and sit for six hours out of an eight-hour workday, with normal breaks. He is able to push and/or pull within the lifting and carrying restrictions. He is able to frequently climb ramps and stairs, balance, crawl and crouch. He is able to occasionally stoop and kneel. He is precluded from climbing ladders, ropes and scaffolds. He is able to occasionally reach with the dominant, left upper extremity. He should not be exposed to hazards such as machinery or heights. He is able to [sic] with co-workers and supervisors on a superficial basis, but generally, he cannot work in teams. He should avoid a job where significant public interaction is required to complete job duties. He is able to complete simple, routine tasks.

Id. at 23. When formulating the RFC, the ALJ considered the opinion of Dr. Davis that plaintiff was receiving treatment for a mental health condition but that the condition did not impose more than a minimal limitation on plaintiff's ability to work. Id. at 2526. Although the ALJ found that Dr. Davis' opinions as to mental limitations were supported by the evidence, he found that Dr. Davis' opinions as to plaintiff's physical limitations were "not consistent with the medical and other

3

evidence of record."[2] Id. at 27. The ALJ's decision fails to state with what evidence Dr. Davis' opinion was inconsistent or if the ALJ gave Dr. Davis' opinion on plaintiff's physical limitations any weight. The ALJ found that plaintiff was unable to perform his past relevant work as a carpet layer helper, but she determined that plaintiff could perform some jobs classified as light work and these jobs existed in sufficient numbers in the national economy. Id. at 28. The ALJ determined that plaintiff was not disabled and denied his claim for disability benefits.

Plaintiff requested that the Appeals Council review the denial of his claim for disability benefits, but the Appeals Council found no basis to review the ALJ's decision. Id. at 2-5. Plaintiff filed this case seeking judicial review of the denial of his claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation. The magistrate judge held a hearing and he heard argument "on the issue of whether the ALJ conducted a proper treating physician's analysis." Dkt. # 28. He advised the parties that he would be recommending that the case be reversed and remanded, and he asked defendant to notify the Court no later than March 21, 2014 if she would consent to remand. Id. Defendant did not consent to remand and she asked the magistrate judge to enter a report and recommendation. Dkt. # 29. The magistrate judge entered a report and recommendation (Dkt. # 31) recommending that the case be reversed and remanded due to the ALJ's failure to perform a proper treating physician analysis of Dr. Davis' opinions concerning plaintiff's physical limitations. He declined to reach the other issues raised by plaintiff,

---

[2] Dr. Davis completed an RFC evaluation form for plaintiff and noted significant physical limitations on plaintiff's ability to work. He concluded that plaintiff would not be able to work on a sustained and continuing basis due to his inability to sit or stand for prolonged periods of time. Dkt. # 13-7, at 158. He found that plaintiff had an extreme impairment as to concentration and that plaintiff would be required to miss work at least three times a month due to pain. Id. at 159.

4

but he states that the matter should be recommitted to him if the Court finds that remand is not required due to error identified in the report and recommendation. Dkt. # 31, at 9 n.2.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of his past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991). The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if her decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Defendant argues that remand for further proceedings is unnecessary, because the magistrate judge stated that conducting a proper treating physician analysis of Dr. Davis's opinions as to

plaintiff's physical limitations would not be likely to change the outcome of the proceedings. The Tenth Circuit has held that the principle of harmless error is applicable in the context of appeals from the denial of a claim for social security disability benefits. Allen, 357 F.3d at 1145. However, the Tenth Circuit has been clear that a finding of harmless error is limited only to "true" harmless error, such as circumstances when "the ALJ's errors do not require reversal because other reasoning already contained explicitly or implicitly in his decision supplied sufficient grounds for affirmance notwithstanding the error . . or because 'we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved [a] factual matter in any other way . . . .'" Groberg v. Astrue, 505 F. App'x 763, 766 n.1 (10th Cir. Dec. 14, 2012).[3] The Court may not "create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007). Under the "right exceptional circumstances," a district court may supply a missing finding based on evidence actually considered by the ALJ, but a district court may not "properly affirm an administrative action on grounds different from those considered by the agency." Hackett v. Barnhart, 475 F.3d 1166, 1175 (10th Cir. 2007).

The sole issue before the Court is whether remand is required due to the ALJ's failure to conduct a proper treating physician analysis. A treating physician's opinion is generally entitled to more weight than medical opinion evidence from non-treating sources. Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004). To determine the weight afforded to treating physician evidence, the ALJ:

---

3   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

7

must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. [I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

Id. Even if a treating physician's opinion is not entitled to controlling weight, treating physician evidence is still entitled to deference and the ALJ must consider six factors concerning the weight the evidence should be given. Id. The Tenth Circuit has been clear that an ALJ must "'give good reasons in [the] notice of determination or decision'" for the weight assigned to a treating physician's opinion and the ALJ's decision must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion . . . ." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Remand is required if a court reviewing an ALJ's decision cannot determine what weight was assigned to a treating physician's opinion evidence. Id. at 1301.

In this case, the ALJ found that Dr. Davis' opinions as to plaintiff's mental impairments were supported by the evidence in the administrative record, and the ALJ found that Dr. Davis' findings on plaintiff's mental impairments detracted from the credibility of plaintiff's allegations concerning his ability to work. Dkt. # 13-2, at 25-26. Dr. Davis subsequently completed an RFC form as to plaintiff's physical limitations, and he noted that plaintiff suffered from severe pain and that plaintiff's symptoms would likely prevent him from maintaining employment. Dkt. # 13-7, at 157-160. The ALJ stated that "[t]he opinion of Dr. Davis at Exhibit 12F is not consistent with the medical and other evidence of record," and it appears that the ALJ gave no weight to any of Dr. Davis's opinions on plaintiff's physical condition. Dkt. # 13-2, at 27. However, the ALJ failed to explain what weight, if any, was given to Dr. Davis's opinions about plaintiff's physical limitations

and she did not identify other evidence in the administrative record that was inconsistent with Dr. Davis' opinions. Id. As to plaintiff's physical limitations, the ALJ gave great weight to the opinions of the State Disability Determination Services because it was consistent "the medical evidence of record." Id. at 26-27.

The magistrate judge stated that the ALJ failed to "assign a weight to Dr. Davis's opinion regarding plaintiff's physical [RFC], but it is clear from the context of the decision that the ALJ rejected or gave little weight to that opinion." Dkt. # 31, at 12. He noted that this is not always reversible error, but he recommended that this constituted reversible error in this case. He referenced the ALJ's finding that Dr. Davis' opinions were "not consistent with the medical and other evidence of record," and he found that this language was similar to boilerplate language that was rejected by the Tenth Circuit in Langley. Id. The magistrate judge suggested that a proper treating physician analysis might not change the outcome, but he found no basis to apply the harmless error rule under the circumstances and recommended that the case be remanded for further proceedings.

The Court agrees with the magistrate judge's recommendation and finds that the case should be remanded for further proceedings. Defendant objects to the magistrate judge's recommendation and argues that "[c]ourts should not waste resources and demand futile remand proceedings by requiring technical perfection from ALJ decisions rather than using common sense." Dkt. # 33, at 1-2. However, requiring the ALJ to perform a proper treating physician analysis is not a pointless formality, and there is a reasonable probability that this could impact the outcome of the proceedings. In particular, the ALJ relied on Dr. Davis' opinions as to plaintiff's mental limitations when finding that plaintiff's testimony was not entirely credible, but she summarily rejected Dr.

Davis' opinions as to plaintiff's physical limitations when this would have supported a finding that plaintiff was disabled. There may be a valid reason for this difference in treatment of Dr. Davis' opinions as to plaintiff's mental and physical impairments, but the ALJ must perform a proper treating physician analysis to support these findings. Assuming the harmless error rule applies, the Court would not find the ALJ's failure to conduct a treating physician analysis harmless and the case should be remanded to defendant for further proceedings.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 31) is **accepted as entered**, and the Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 29th day of May, 2014.

_Claire V Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE